UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SEAGRAIN LLC

                Plaintiff,

-v-

AMNAH ABDLRAZAK HAMADA and IMAN
MOHAMMAD GENDE aka "IMAN
MOHAMMAD JENDE", YAMAK SHIPPING,
YAMAK MARINE TRANSPORT, YAMAK
SHIPPING COMPANY, YAMAK
SHIPMANAGEMENT,

                Defendants.

------------------------------------------------------------x



08 CV

**VERIFIED COMPLAINT**

Plaintiff, SEAGRAIN LLC (hereinafter "SEAGRAIN"), by its attorneys,

CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against

Defendants, AMNAH ABDLRAZAK HAMADA and IMAN MOHAMMAD GENDE

aka "IMAN MOHAMMAD JENDE", (hereinafter "HAMADA and GENDE"), YAMAK

SHIPPING, YAMAK MARINE TRANSPORT, YAMAK SHIPPING COMPANY,

YAMAK SHIPMANAGEMENT (hereinafter collectively "YAMAK"), alleges upon

information and belief as follows:

<u>JURISDICTION</u>

1.     The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, SEAGRAIN LLC, was and still is a limited liability corporation with an office at 1030 15th St. North-West, #920, Washington DC, 20005.

3.      At all times material hereto, Defendant, AMNAH ABDLRAZAK HAMADA was and still is a citizen and resident of Syria.

4.      At all times material hereto, Defendant, IMAN MOHAMMAD GENDE aka "IMAN MOHAMMAD JENDE" was and still is a citizen and resident of Syria.

5.      At all times material hereto, Defendant, YAMAK SHIPPING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Tartous, Syria.

6.      At all times material hereto, Defendant, YAMAK MARINE TRANSPORT was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Tartous, Syria.

7.      At all times material hereto, Defendant, YAMAK SHIPPING COMPANY was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Tartous, Syria.

8.      At all times material hereto, Defendant, YAMAK SHIPMANAGEMENT was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Tartous, Syria.

## FACTS AND CLAIM

9.      Upon information and belief, the M/V HAJJI AMNAH was and is owned by Defendants HAMADA and GENDE ("JENDE").

10.     On or about October 17, 2007, HAMADA, GENDE, and YAMAK, as registered owner of the M/V HAJJI AMNAH, and SEAGRAIN, entered into a voyage charter party.

11.     The subject voyage charter-party agreement by and between YAMAK and SEAGRAIN, is a maritime contract.

12.     The charter-party called for the vessel to be available between November 1, 2007 and November 5, 2007 for loading of cargo (7,040.73 mt of wheat) at Kertch, Ukraine.

13.     Under the terms of the charter-party, the rate of freight was USD$33.50 per mt.

14.     On or about November 2, 2007, SEAGRAIN received a message advising that the MV HAJJI AMNAH was experiencing serious engine problems and required repairs.  The vessel was to sail to Poti, Georgia for repairs and replacement of parts.

15.     Upon information and belief, the vessel never traveled to Poti, Georgia and instead, on or about November 14, 2007, berthed at Mariupol, Ukraine to load a different cargo of various steel products.

16.     This action constituted a unilateral cancellation of the voyage charter and a breach of the charter party.

17.     In response to the breach by YAMAK, SEAGRAIN was forced to seek an alternative tonnage on the open market.  On or about November 15, 2007, SEAGRAIN

fixed the M/V E.DIGNITY at a rate of USD$40.50 per mt, a rate $7 per mt higher than the agreed-upon rate between YAMAK and SEAGRAIN.

18.    In total, SEAGRAIN was forced to pay USD$49,285.11 in excess of the original charter-party ($7 difference per mt x 7,040.73 mt).

19.    In accordance with the terms of the time charter-party agreement, disputes arising out of the charter-party are to be resolved by arbitration proceedings in London.

20.    London arbitration provides that the successful party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than GBP£25,000.00 (USD$49,099.80).

21.    Upon information and belief, among the entities which comprise YAMAK, there is a commonality of control and management, and an overlap of officers, directors and employees.

22.    Upon information and belief, defendants HAMADA and GENDE have no separate, independent identity from YAMAK.

23.    Upon information and belief, defendants HAMADA and GENDE are the alter ego of YAMAK.

24.    Upon information and belief, defendants HAMADA and GENDE disregard YAMAK's corporate form to the extent that YAMAK is actually carrying on the business and operations of HAMADA and GENDE.

25.    Upon information and belief, YAMAK SHIPPING is the alter ego of YAMAK MARINE TRANSPORT, YAMAK SHIPPING COMPANY, and YAMAK SHIPMANAGEMENT.

4

26.    Upon information and belief, YAMAK MARINE TRANSPORT is the alter ego of YAMAK SHIPPING, YAMAK SHIPPING COMPANY, and YAMAK SHIPMANAGEMENT.

27.    Upon information and belief, YAMAK SHIPPING COMPANY is the alter ego of YAMAK SHIPPING, YAMAK MARINE TRANSPORT, and YAMAK SHIPMANAGEMENT.

28.    Upon information and belief, YAMAK SHIPMANAGEMENT is the alter ego of YAMAK SHIPPING, YAMAK MARINE TRANSPORT, and YAMAK SHIPMANAGEMENT.

29.    Upon information and belief, among the entities which comprise YAMAK, there is a lack of arms' length dealing among the entities and contracts ostensibly entered in the name of one are undertaken, performed, or indemnified by others in the YAMAK network

30.    By virtue of the foregoing, the entities which comprise YAMAK as well as HAMADA and GENDE, are, upon information and belief, properly considered parties to the subject contract as the alter egos/or prime movers and controllers.

31.    Based on the foregoing, as well as other activities, the entities which comprise YAMAK as well as HAMADA and GENDE, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and all assets of YAMAK or HAMADA and GENDE are susceptible to attachment and/or restraint for the debts of each other.

## BASIS FOR ATTACHMENT

32.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

33.    Plaintiff believes that some of these assets, to wit:  bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, YAMAK, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $98,394.91 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       February 5, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SEAGRAIN LLC

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEAGRAIN LLC,

                                     Plaintiff,                     08 CV

-v-

AMNAH ABDLRAZAK HAMADA and IMAN       **VERIFICATION OF**
MOHAMMAD GENDE aka "IMAN                  **COMPLAINT**
MOHAMMAD JENDE", YAMAK SHIPPING,
YAMAK MARINE TRANSPORT, YAMAK
SHIPPING COMPANY, YAMAK
SHIPMANAGEMENT,
                              Defendants.
------------------------------------------------------------x

Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P.,

counsel for the Plaintiff, SEAGRAIN LLC, herein;

2.      I have read the foregoing Verified Complaint and know the contents thereof; and

3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a limited liability corporation, whose officers are not in this district, and

whose verification cannot be obtained within the time constraints presented by the circumstances

of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      February _____, 2008

                            CHALOS, O'CONNOR & DUFFY, L.L.P.
                            Attorneys for Plaintiff
                            SEAGRAIN LLC

By: _____
                            George M. Chalos (GC-8693)
                            366 Main Street
                            Port Washington, New York 11050
                            Tel: (516) 767-3600
                            Fax: (516) 767-3605
                            Email: gmc@codus-law.com